UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WOLDON D.,

    Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 2:23-CV-777-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his applications for Supplemental Security Income benefits (SSI) and Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. Dkt. 3. After considering the record, the Court finds no reversible error and **AFFIRMS** the Commissioner's decision to deny benefits.

**I. BACKGROUND**

Plaintiff filed applications for SSI and DIB on September 26, 2020, and July 15, 2020, respectively. Administrative Record (AR) 17, 223–29, 233–44. He alleged disability beginning

December 27, 2017. AR 17. After his applications were denied initially (AR 75–110) and upon reconsideration (AR 113–34), he filed a written request for a hearing (AR 151–54). On October 11, 2022, an Administrative Law Judge (ALJ) held a hearing at which Plaintiff was represented and testified telephonically. AR 41–72. On November 16, 2022, the ALJ issued a written decision finding Plaintiff not disabled. AR 14–40. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision final. AR 1–6.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. DISCUSSION

Plaintiff raises two issues on appeal: (1) whether the ALJ erred in evaluating the medical opinions of Carl Epp, Ph.D., and M. Clark, MD; and (2) whether the ALJ erred in evaluating Plaintiff's subjective testimony. *See generally* Dkt. 9. Plaintiff challenges the ALJ's assessment of his mental, but not physical, impairments and limitations. *See generally id.* Plaintiff's requested remedy is a remand for further proceedings. *Id.* at 12–13.

**A. Medical Opinions**

Under the 2017 regulations applicable to this case, an ALJ does need not defer or assign a specific weight to particular medical opinions. *See* 20 C.F.R. §§ 404.1520c(a)–(b), 416.920(a)–(b). Rather, the ALJ must only articulate the persuasiveness of the medical opinions. *Id.* Generally, the ALJ must only articulate how he considered the "consistency" and "supportability" of the opinions. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). And this

explanation must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

1. <u>Carl Epp, PhD</u>

State agency medical consultative examiner Dr. Epp submitted an opinion on May 6, 2020, based on a telephone interview with Plaintiff. AR 553–58. He opined Plaintiff had several marked limitations, including in his abilities to understand, remember, and persist in tasks by following both short and simple instructions and detailed instructions; perform activities within a schedule and maintain regular attendance; adapt to changes in a routine work setting; and complete a normal workday and workweek without interruptions from symptoms. AR 555.

The ALJ found Dr. Epp's opinion unpersuasive. The ALJ noted that "Dr. Epp did not provide [a] rationale for each of his assessed restrictions." AR 31. This goes to the supportability of the opinion, which considers the quality of the "objective medical evidence and supporting explanations presented by a medical source." 20 C.F.R. §§ 1520c(c)(1); 416.920c(c)(1). An ALJ "may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020).

Although Dr. Epp provided a brief narrative summary of some of the medical evidence—including a discussion of Plaintiff's childhood, his history of traumatic familial incidents, and experience with physical injuries—there was no discussion of the specific rationales for the assessed limitations. *See* AR 553–55. Indeed, it is not clear how the narrative summary pertains in any way to the opined limitations. *See id.* For instance, while Dr. Epp opined Plaintiff had limitations in his ability to understand, remember, and persist in tasks, the narrative summary provides no explanation for why this is so. *See id.* The ALJ thus did not err in rejecting the opinion. *See Woods*, 32 F.4th at 793 (ALJ did not err in rejecting opinion because it was "wholly unexplained").

The Court need not assess the other reasons given by the ALJ, as any error committed with respect to these reasons would be harmless. An error is harmless if it is not prejudicial to the claimant or is "inconsequential" to the ALJ's "ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Here, because the Court concludes the ALJ provided a valid reason supported by substantial evidence on which to reject the opinion, any error with respect to the other reasons given would be inconsequential to the ultimate determination. *See Molina*, 674 F.3d at 1115.

### 2. M. Clark, MD

Consultative examiner Dr. Clark submitted an opinion on September 24, 2021, based on an examination of Plaintiff. AR 860–65. He opined that Plaintiff would "probably have some difficulty performing simple and repetitive tasks" and "interacting with coworkers and the public," would "probably have some significant difficulty performing work activities on a consistent basis without special or additional instructions," and "most certainly [would] have difficulty maintaining regular attendance and completing a normal workday or workweek without interruptions from a psychiatric condition." AR 864–65.

The ALJ found Dr. Clark's opinion unpersuasive because his opined limitations were inconsistent "with the treatment record." AR 26–27. This is a valid reason to discount an opinion. *See Woods*, 32 F.4th at 792–93. Dr. Clark's opined limitations appeared to be based on his findings that Plaintiff had difficulties with concentration and focus, his observation that Plaintiff needed to be reminded of where he was, and his finding of cognitive difficulties. AR 864–65. The treatment notes cited by the ALJ contradict these findings. *See* AR 1094 (attention and focus within normal limits); 1115 (same); 846 (normal orientation); 1096 (same); 1114–15 (same); 1415 (same). The ALJ's determination was therefore supported by substantial evidence.

The ALJ also found Dr. Clark's opinion unpersuasive because treatment notes indicated "improvement in [Plaintiff's] mental symptoms with treatment, which includ[ed] medication and talk therapy." AR 27. Symptoms that can be adequately controlled by treatment are not disabling. *Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006). This finding was supported by substantial evidence—treatment notes indicated Plaintiff developed skills which reduced his anger and emotional distress and reduced his impulsivity. AR 1109. This was confirmed by notes indicating Plaintiff's symptoms improved during this time period. AR 1094, 1116, 1439, 1444. Plaintiff argues that these notes were in the context of other events which might have caused him to not display symptoms of emotional distress. Dkt. 9 at 9. This is not true of at least some of the notes the ALJ relied on (*e.g.*, AR 1109), and the Court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation," *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005). Because Dr. Clark's opined limitations were based, in part, on Plaintiff's purported emotional distress interfering with his work (*see* AR 865), this was an adequate reason to reject Dr. Clark's opinion.

In sum, the ALJ's finding was supported by substantial evidence and the ALJ did not err in assessing Dr. Clark's opinion.[1]

**B. Subjective Testimony**

Plaintiff argues the ALJ erred by failing to give "specific, clear, and convincing reasons" for rejecting Plaintiff's testimony about the severity of his mental impairments. Dkt. 9 at 8–13. If

---

[1] Any error with respect to the opinions of Drs. Clark and Epp may also be rendered harmless because the ALJ articulated reasons for finding the contrary opinions of state agency psychologists more persuasive. AR 31. The ALJ relied on the state agency psychologists' greater familiarity with the record (AR 30–31), a valid reason to weigh some opinions as being more persuasive than others, *see* 20 C.F.R. §§ 404.1520c(b)(3), (c)(5); 416.920c(b)(3), (c)(5); *see also Woods*, 32 F.4th at 791–93 (finding the new regulations eliminate any presumptive weight given to the opinions of treating and examining physicians); *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("We reject the idea that not mentioning a treating source's medical opinion precludes use of harmless error doctrine . . . ."). However, the Court need not decide if this is so, given that the ALJ properly found both opinions unpersuasive.

a claimant produces objective medical evidence of impairments and shows the impairments could reasonably be expected to produce some degree of the alleged symptoms and there is no affirmative evidence of malingering, an ALJ may reject the claimant's symptom testimony only by providing specific, clear, and convincing reasons. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040–41 (9th Cir. 2003).

1. Affirmative Evidence of Malingering

Defendant argues there is "affirmative evidence of malingering" with respect to Plaintiff's physical impairments which absolves the ALJ of the duty to provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony with respect to his mental impairments. Dkt. 12 at 2–3. Plaintiff does not challenge the ALJ's assessment of his physical impairments and related symptoms. *See generally* Dkt. 9.

Evidence of malingering is a sufficient basis upon which to reject Plaintiff's testimony, *see Benton*, 331 F.3d at 1040–41, and "relieve[s] the ALJ from the burden of providing specific, clear, and convincing reasons to discount [Plaintiff's] testimony." *Baghoomian v. Astrue*, 319 F. App'x 563, 565 (9th Cir. 2006) (unpublished opinion) (citing *Smolen*, 80 F.3d at 1281). Plaintiff contends that "[t]he ALJ did not make a finding of malingering." Dkt. 13 at 4. The ALJ is not required to make a specific finding of malingering; rather, it is sufficient that there is affirmative evidence suggesting malingering. *See Carmickle*, 533 F.3d at 1160 n.1.

The ALJ cited two pieces of evidence in support of the claim that there was "extensive evidence of symptom exaggeration," AR 25–26, and Defendant points to both pieces to support the claim that there was "affirmative evidence of malingering," Dkt. 12 at 2–3.

First, several treatment notes indicated Plaintiff's complaints of physical pain were likely exaggerated. *See* AR 470 (complaints of discomfort "suggest[ed] augmented pain behavior");

AR 543 ("range of motion is under voluntary control); AR 522 ("considerable inconsistency of biomechanical applications indicat[es] symptom exaggeration"); AR 530 ("effort was often poor"); AR 869 (pain "appeared exaggerated"). However, notes merely suggesting that Plaintiff exaggerated his symptoms do not constitute affirmative evidence of malingering. *See Austin v. Saul*, 818 F. App'x 725, 729 (9th Cir. 2020) (unpublished opinion) ("Nor do we equate a claimant's possible exaggerations regarding the severity of his symptoms with affirmative evidence of malingering."); *Wick v. Barnhart*, 173 F. App'x 597, 598–99 (9th Cir. 2006) (unpublished opinion) (a note of "a high probability of psychiatric symptom exaggeration" does not constitute affirmative evidence of malingering). While such evidence can form the basis of a negative credibility determination with respect to Plaintiff's physical symptoms, *see e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002), Plaintiff does not challenge the ALJ's determinations with respect to his physical impairments, *see generally* Dkt. 9.

Second, the ALJ also cited "objective of 4 of 4 positive Waddell's sign[s]" to support the claim that there was evidence of symptom magnification. AR 26 (citing AR 870). But "the Waddell test does not by itself constitute 'affirmative evidence' of malingering." *Wick*, 173 F. App'x at 598–99. "The test establishes five 'signs' of nonorganic sources of lower back pain and does not distinguish between malingering and psychological conditions." *Id.* at 599. Here, the doctor administering the test interpreted the results as "suggest[ing] . . . that there is an overlay of patient's psychiatric illness" rather than supporting a finding of malingering. AR 870. The ALJ did not address this interpretation or make a contrary finding. *See* AR 25–26. Thus, the Waddell's test does not constitute affirmative evidence of malingering in this case.

Thus, the ALJ was required to give "specific, clear, and convincing reasons" for rejecting Plaintiff's testimony about the extent of his limitations. *See Carmickle*, 533 F.3d at 1160.

2. <u>Plaintiff's Testimony</u>

    a. *Social Difficulties*

Plaintiff testified and stated in function reports that he has social difficulties that prohibit being around others, in part due to his anxiety and depression. AR 50, 59, 305, 310, 314–15, 336. The RFC limited Plaintiff to "no contact with the public," "work[ing] in proximity to coworkers but not in coordination with them," and "occasional contact with supervisors." AR 23.

The ALJ found Plaintiff's testimony "[did] not support greater mental limitations than those accommodated in the [RFC]." AR 28. "It is not the court's role to 'second-guess' an ALJ's reasonable interpretation of a claimant's testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022) (citing *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)). In particular, the ALJ pointed to Plaintiff's testimony about his ability to perform past work (AR 28), which itself serves as an adequate reason to reject Plaintiff's testimony, *see* 20 C.F.R. § 404.1529(c).

Plaintiff testified that it was his physical, not mental, symptoms that precluded him from performing past work. *See* AR 59. He testified that he was previously able to work as a donut maker when the work was independent and did not require public contact. *Id.* He left the position only after getting a supervisory role requiring public contact. *Id.* He testified that he could do his prior construction job because he did not "have to deal with anybody." *Id.* Those jobs, he testified, he was able to do because he "could be by [him]self and work on [his] own." AR 60. But he also testified about his tactics for managing conflicts with others at those jobs, suggesting he was not always working independently. AR 59–60. In his function report, he said he could get along with authority figures "as long as they [are not] mean or raising their voice[s]." AR 315.

Plaintiff's difficulties with public contact are reflected in the RFC. His testimony supports an ability to have occasional supervisory contact. His testimony that his physical inabilities and public contact were the factors preventing returning to his past work, combined

with indices that he was still working in proximity to others while doing that past work, support the conclusion that he was able to work independently but around others, as the RFC reflects. The ALJ therefore reasonably interpreted claimant's testimony and the Court must not second-guess that interpretation. *Smartt*, 53 F.4th at 500. This interpretation renders any error the ALJ committed in rejecting Plaintiff's testimony harmless.

To the extent Plaintiff's testimony was inconsistent with being able to be in proximity to others, the ALJ did not err in rejecting this testimony by finding it was inconsistent with Plaintiff's activities of daily living. AR 28. Activities of daily living are a valid reason to discount Plaintiff's testimony if they are inconsistent with his alleged symptoms. *See Orn v. Astrue*, 495, F.3d 623, 639 (9th Cir. 2007). Plaintiff indicated he was able to shop in stores (AR 336), leaves his home alone (*id.*), talks with neighbors (AR 337), has a neighbor who cooks for him (AR 340), frequently goes to neighbors' houses "to get something or ask for help" (AR 374), and regularly assists his neighbors (AR 1135–36). These activities are inconsistent with a totalizing inability to be in proximity to others.

In sum, Plaintiff's testimony about his social difficulties was consistent with the RFC and, even if it was not, the ALJ presented clear and convincing reasons for discounting it. The Court need not consider whether the other reasons the ALJ gave for rejecting Plaintiff's testimony were erroneous, as any error committed with respect to those reasons would be harmless. *See Carmickle*, 533 F.3d at 1162 (finding the inclusion of erroneous reasons for rejecting Plaintiff's testimony harmless where other valid reasons supported ALJ's decision).

b. Concentration

Plaintiff also testified and indicated in his function report that he has difficulties concentrating and is easily sidetracked by distractions. AR 55, 315. The RFC limited Plaintiff to "understand[ing], remember[ing], and carry[ing] out simple instructions and tasks." AR 23. That

limitation can adequately capture some restrictions in concentration abilities. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). In particular, simple and unskilled work typically requires only the ability to maintain attention for 2-hour segments; "concentration is not critical" for such work. *See* POMS DI 25020.010(B)(3); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006) ("The POMS does not have the force of law, but it is persuasive authority."); *see also Terrey v. Berryhill*, 696 F. App'x 831, 833–34 (9th Cir. 2017) (ability to maintain attention and concentration for brief periods consistent with RFC limited to simple and unskilled work); *Shari R. v. Saul*, 2021 WL 1396278 at *5 (E.D. Wash. Apr. 13, 2021).

       To the extent Plaintiff's testimony was inconsistent with an ability to maintain sufficient attention to complete his work, the ALJ stated clear and convincing reasons for rejecting Plaintiff's testimony. Plaintiff's concentration difficulties appear to arise from emotional distress. *See e.g.*, AR 55. As discussed above, the ALJ found Plaintiff's emotional distress had improved from treatment, and this finding was supported by substantial evidence and is an adequate reason to reject his testimony, *see Warre*, 439 F.3d at 1006. The ALJ also found that Plaintiff's testimony was inconsistent with treatment notes showing that he had normal attention, AR 27 (citing AR 1094, 1115, 1321, 1342), which, as discussed, is all that is necessary to maintain a level of concentration consistent with the RFC. Inconsistency with medical evidence is a valid reason to discount a Plaintiff's testimony.

\\

\\

\\

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 5th day of January, 2024.

David W. Christel
Chief United States Magistrate Judge